OPINION
This matter involves ten consolidated appeals from a judgment of the Franklin County Court of Common Pleas certifying two consolidated cases brought by plaintiffs-appellees, James Hansen, Albert Glick, Frank Duval, Jeannine Duval, and Carter Randolph, as a class action pursuant to Civ.R. 23.
The genesis of this action is in a 1995 public offering of common stock and convertible promissory notes by K.G. Marx, Inc. ("Marx securities"). According to plaintiffs' complaints: K.G. Marx; its directors, Mark Frendt, Gail Frendt, Gary Riddle, and Barbara Georges (collectively "Directors"); its lawyers, Dinsmore Shohl, L.L.P., David G. LeGrand, Robert F. Gage (collectively "Dinsmore"), and Belinda S. Barnes; and its accountants, Landaker, Kramer Associates, Inc., James Landaker and Scott Harper (collectively "Landaker"), prepared an offering circular for distribution to potential purchasers of the Marx securities. The offering circular allegedly misrepresented or failed to disclose several material facts relating to the financial condition of K.G. Marx. In alleged reliance upon the offering circular, plaintiffs each purchased Marx securities during the latter half of 1995. As a result of the material facts which were misrepresented or not disclosed in the offering circular, K.G. Marx went bankrupt and the Marx securities purchased by plaintiffs have been rendered worthless.
On April 18, 1997, Quantum Capital Corp., James Hansen, Albert Glick, and Frank Duval commenced this matter with the filing of a complaint in the Franklin County Court of Common Pleas (hereinafter "case number one"). The complaint in case number one named Mark Frendt, Gail Frendt, Gary Riddle and Barbara Georges as defendants and asserted claims for violation of R.C. 1707.41, 1707.43, fraud and breach of fiduciary duty in the preparation and distribution of the offering circular. On June 23, 1997, plaintiffs filed their first amended complaint in case number one. The amended complaint added Jeannine Duval and Carter Randolph as plaintiffs, changed the first claim to allege violations of R.C. 1707.41, 1707.43 and 1707.44, and changed the second claim to allege a violation of R.C. 1707.59.
On June 24, 1997, Quantum Capital, James Hansen, Albert Glick, and Frank Duval filed a second action against K.G. Marx's receiver (hereinafter "case number two"). The original complaint in case number two asserted claims for violation of R.C. 1707.41, 1707.43 and 1707.44, breach of contract, estoppel, and fraud.
On August 11, 1997, the trial court ordered plaintiffs' two cases consolidated.
On January 23, 1998, plaintiffs filed a motion requesting leave to amend their complaints to include several shareholder derivative claims and to pursue the consolidated action as a class action pursuant to Civ.R. 23. On March 9, 1998, the trial court granted plaintiffs' motion to amend their complaints.
On April 1, 1998, plaintiffs filed their second amended complaint in case number one and their first amended complaint in case number two. In case number one, the amendments sought to maintain the consolidated action as a class action, and added a shareholder derivative action and a claim for negligent misrepresentation/non-disclosure against the Directors. The amendments in case number two also sought to maintain the action as a class action; added Jeannine Duval and Carter Randolph as plaintiffs; added a shareholder derivative claim for malpractice/indemnity/contribution against Dinsmore, and Barnes; added claims for estoppel, fraud and negligent misrepresentation/non-disclosure against K.G. Marx; and added claims for malpractice and estoppel against Landaker.
By a decision and entry filed on September 3, 1999, the trial court granted plaintiffs' request to maintain their claims as a class action, but denied their request to pursue its shareholder derivative claims. Dinsmore and Barnes filed timely notices of appeal from that portion of the trial court's December 3, 1999 decision and entry certifying this matter as a class action. Plaintiffs filed a timely notice of cross-appeal from that portion of the trial court's December 3, 1999 decision and entry denying plaintiffs' request to pursue their shareholder derivative claims.
On October 26, 1999, plaintiffs filed a motion to dismiss the appeals filed by Dinsmore, Barnes and all other appellants on the grounds that the trial court's order certifying the action as a class action was not a "final appealable order."
On November 30, 1999, Dinsmore timely filed a brief in support of its appeal, which assigned the following errors:
First Assignment of Error:
 The Trial Court Committed an Abuse of Discretion in its September 3, 1999 Decision, Granting Plaintiffs' Motion for Class Certification, When it Implied or Stated That a Class Action for Legal Malpractice Has Been Asserted or May Be Maintained by Plaintiffs-Appellees Against Dinsmore Shohl and the Other Attorney Defendants.
Second Assignment of Error:
 The Trial Court Committed an Abuse of Discretion in Holding in its September 3, 1999 Decision That the Ohio Supreme Court's Decision in Haddon View Investment Co. v. Coopers Lybrand (1982), 70 Ohio St.2d 154, 436 N.E.2d 212, May Be Extended to a Claim for Professional Negligence Against an Attorney, When the Ohio Supreme Court and This Court of Appeals Has [sic] Declined to Extend Haddon View to Cases of Professional Negligence Against An Attorney.
Third Assignment of Error:
 The Trial Court Abused its Discretion in Determining That the Motion for Class Certification Was Timely Filed, the Typicality Element of Rule 23(A)(2) Was Met and That Common Questions of Law and Fact Predominated over Individual Questions in Plaintiffs'-Appellees' Claims.
Fourth Assignment of Error:
 The Trial Court Abused its Discretion in Deciding the Issue of Class Certification Without Conduction [sic] an Evidentiary Hearing.
Also, on November 30, 1999, Barnes filed a brief in support of her appeal, which assigned the following error:
 The Court of Common Pleas' decision to certify plaintiffs-appellees' proposed class pursuant to Civ.R. 23 was contrary to law and not supported by the evidence in the record and therefore constituted an abuse of discretion.
On December 8, 1999, plaintiffs filed a motion requesting an extension of time to file their appellee brief until after the trial court ruled on their motion to dismiss appellants' appeals. On December 28, 1999, this court granted plaintiffs an extension to file their appellee brief "not later than fourteen days after this court rules on appellees' motion to dismiss and, in any event, not later than January 14, 2000."
On December 30, 1999, this court denied plaintiffs' motion to dismiss. On January 13, 2000, plaintiffs timely filed their appellee brief. Plaintiffs' appellee brief contained, in addition to the expected arguments contra appellants' assignments of error, an argument in support of plaintiffs' cross-appeal. Plaintiffs have never filed a separate brief in support of their cross-appeal.
On January 25, 2000, Dinsmore and Barnes filed a combined motion to strike those portions of plaintiffs' appellee brief containing arguments in support of plaintiffs' cross-appeal, and to dismiss plaintiffs' cross-appeal for failure to prosecute.
Pursuant to Loc.R. 7(D) of the Tenth Appellate District and App.R. 18(A), plaintiffs' brief in support of their cross-appeal was due no later than November 3, 1999. Plaintiffs, in their memorandum in opposition to Dinsmore and Barnes' motion to strike and dismiss, argue that the extension of time that this court granted them to file their appellee brief somehow extended the time for the filing of their brief in support of their cross-appeal. This contention is without merit. Even cursory reading of plaintiffs' motion for an extension of time and this court's entry granting such extension reveals that plaintiffs sought, and this court granted, an extension of time only with respect to the filing of plaintiffs' appellee brief. Such a reading of these documents is logical when one considers that plaintiffs' brief in support of their cross-appeal was already more than a month overdue when plaintiffs filed their motion for an extension of time. Certainly, this court is not in the habit of granting retroactive extensions of time.
Accordingly, those portions of plaintiffs' appellee brief, which argue in support of plaintiffs' cross-appeal, are stricken as untimely, and plaintiffs' cross-appeal is dismissed for failure to prosecute pursuant to Loc.R. 9(D) of the Tenth Appellate District.
We now turn to the appeals filed by Dinsmore and Barnes.
Dinsmore, in its first assignment of error, and Barnes, in her sole assignment of error, argue that the trial court erred in holding that plaintiffs have claims pending against Dinsmore and Barnes.
A review of plaintiffs' complaints reveals that the only claims which plaintiffs have ever asserted against either Dinsmore or Barnes are shareholder derivative claims for malpractice/indemnity/contribution. Therefore, the trial court's denial of plaintiffs' motion to pursue its shareholder derivative claims effectively dismissed all claims pending against Dinsmore and Barnes. In addition, our dismissal of plaintiffs' cross-appeal for failure to prosecute amounts to an affirmance of the trial court's decision in this respect. Consequently, plaintiffs have no claims pending against either Dinsmore or Barnes.
Dinsmore's first assignment of error, and Barne's sole assignment of error are sustained to the extent indicated.
Our resolution of Dinsmore's first assignment of error renders its second, third, and fourth assignments of error moot, and we decline to address them. App.R 12(A)(1)(c).
Having granted Dinsmore and Barne's joint motion to strike and dismiss, having sustained Dinsmore's first assignment of error and Barne's sole assignment of error to the extent indicated, and having found Dinsmore's remaining assignments of error to be moot, we reverse the judgment of the trial court to the extent that it holds that plaintiffs have claims pending against Dinsmore or Barnes.
 _______________________ McCORMAC, J.
BRYANT and KENNEDY, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.